UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD BAKER, *et al.*,

                Plaintiffs,         Civil Action No. 22-11388

v.                                       Linda V. Parker
                                       United States District Judge

MARLA JONES, *et al.*,           David R. Grand
                                       United States Magistrate Judge

                Defendants.
_____/

## REPORT AND RECOMMENDATION TO DENY PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT (ECF No. 48)

*Pro se* plaintiffs Richard Baker and Kim Albright ("Plaintiffs") filed a 42 U.S.C. § 1983 complaint against State of Michigan Department of Health and Human Services ("MDHHS") employee Marna Miller ("Miller"), CSI Support & Development Services ("CSI") employees Marla Jones and Cindy Lamb ("CSI Defendants"), and three other individuals, "Alex," care nurse Roderick Hall of Maple Home Health Care Nursing ("Hall"), and Michael Polsinelli, for their alleged involvement in the issuance and recoupment of Food Assistance Program ("FAP") benefits that resulted in the "mishandling [of] important medical and other information" and "indifferen[ce] to [] serious medical needs." (ECF No. 1). Plaintiffs were granted permission to proceed *in forma pauperis* (ECF No. 4), and the case was referred to the undersigned for all pretrial matters pursuant to 28 U.S.C. § 636(b) (ECF No. 6).

Presently before the Court is Plaintiffs' motion for default judgment. (ECF No. 48).

Although the motion vaguely references "defendants," as if it seeks relief against all of them, the body of the motion makes clear that it applies only to defendant Hall, who never filed an appearance in the case. (*Id.*). The Court will analyze it as such.

Plaintiffs argue that they are entitled to a default judgment against defendant Hall, whom they contend was served on July 14, 2022, but, to date, has not responded to the summons and complaint. (*Id.*, PageID.298, 300). Plaintiffs' motion should be denied for a number of reasons.

First, Plaintiffs' motion is moot because the Court recently issued a Report and Recommendation to grant the CSI Defendants' and Miller's motions to dismiss, and to dismiss all claims against defendants Hall, "Alex" and Polsinelli for Plaintiffs' failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). (ECF No. 56).

Second, Hall appears not to have been properly served with process. Plaintiffs' only proof of service for Hall is a returned certified mailing receipt addressed to him, but apparently signed by someone else. (ECF No. 33). Sending a summons and complaint to a defendant via certified mail only constitutes effective service if the mailing is "return receipt requested, and ***delivery restricted to the addressee***. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt ***signed by the defendant*** must be attached to proof showing service . . ." M.C.R. 2.105(a)(2) (emphasis added); Fed. R. Civ. P. 4(e). The Court cannot enter a default judgment against a defendant who has not been properly served with process. *Johnson v. Stellantis Auto. Grp.*, No. 22-10777, 2022 WL 6281418, at *2 (E.D. Mich. Sept. 13,

2022), report and recommendation adopted, No. 22-10777, 2022 WL 6172207 (E.D. Mich. Oct. 7, 2022) (citing *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 353 (6th Cir. 2003)).

Finally, Plaintiffs' motion for default judgment is procedurally improper.  Entry of a default under Fed. R. Civ. P. 55(a) is a prerequisite to entry of a default judgment under Fed. R. Civ. P. 55(b).  *See Lewis v. Detroit Pub. Sch.*, No. 12-11851, 2013 WL 5785777, at *2 (E.D. Mich. May 6, 2013).  Here, however, the docket contains no indication that a default has been entered by the Clerk of Court against Hall.  Again, this dooms Plaintiffs' motion.  *See Colston v. Cramer*, No. 07-12726, 2008 WL 559579, at *2 (E.D. Mich. Feb. 26, 2008) (noting that the court follows "the majority of courts" holding that Rule 55 "requires a clerk's entry of default before a court can enter a default judgment.").

For all of the foregoing reasons, **IT IS RECOMMENDED** that Plaintiffs' Motion for Default Judgment **(ECF No. 48)** be **DENIED**.

Dated: January 20, 2023                      s/David R. Grand
Ann Arbor, Michigan                          DAVID R. GRAND
                                             United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above.  *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1).  Failure to timely file objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431

F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2). A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 20, 2023.

                s/Eddrey O. Butts
                EDDREY O. BUTTS
                Case Manager